UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| POLLY WELLS, as executrix of the estate of John Wells, deceased, | )<br>)<br>) Civil Action No. 5:05-183-JMH |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| PORTMAN EQUIPMENT COMPANY, et al., | ) |
| Defendants. | ) |

** ** ** ** **

Before the Court are the motions of Plaintiff Polly Wells ("Plaintiff") to alter or amend the Court's judgment and order granting summary judgment to Defendant Bil-Jax, Inc., formerly d/b/a Workforce Products ("Bil-Jax") and Defendant Portman Equipment Company ("Portman") [Record Nos. 80 & 81]. All responses and replies having been filed, this matter is ripe for review.

**I.   Standard of Review**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments

which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Plaintiff makes no claim that there has been a change in intervening law, newly discovered evidence, or that the judgment imposes manifest injustice. Instead, Plaintiff argues that the Court made several clear errors of law.

**II.   Bil-Jax's Motion for Summary Judgment**

Plaintiff challenges the Court's reliance on *Foister v. Purdue Pharma, L.P.*, 295 F. Supp. 2d 693 (E.D. Ky. 2003) and *Monsanto Company v. Reed*, 950 S.W.2d 811 (Ky. 1997). These cases are not distinguishable from the Plaintiff's case. The plaintiffs in *Foister* altered OxyContin pills and chewed, snorted, or injected them even though the manufacturer specifically directed users to swallow the pills whole. In *Monsanto*, the plaintiffs dismantled transformers in order to salvage parts and were injured by polychlorinated biphenyls that the defendant had manufactured and sold to the manufacturer of the transformers. In Plaintiff's case, Wells used a lift on which the safety system had been completely bypassed, and Plaintiff does not challenge the conclusion that if the safety system's outriggers had been deployed, the electrical cord would not have become snagged in an open slot and no electrocution would have occurred. Plaintiff does not dispute that Wells used the battery charger from his personal truck to operate

the lift.

*Foister* and *Monsanto* are no different than Plaintiff's case. Plaintiff never disputes that if the safety system had not been bypassed, there would be no open slot in which a cord could be caught. Plaintiff claims that Wells did not alter the Lift, he just used it. Under KRS § 411.320(1), that assertion is immaterial. The *Foister* court's conclusion would be no different if someone other than the plaintiffs had crushed the pills before the plaintiffs ingested them. In *Monsanto*, the plaintiffs could not survive a summary judgment motion because it was not foreseeable to the manufacturer that its product would be altered through a salvage process. Similarly, it was not foreseeable that the lift's safety system would be bypassed as to allow a cord to be caught in an open slot.

Plaintiff urges the Court to review *Caterpillar Inc. v. Brock*, 915 S.W.2d 751 (Ky. 1996). *Caterpillar* was decided more than one year before *Monsanto* and this Court must apply the latest pronouncement of Kentucky law in *Monsanto* which clearly holds that KRS § 411.320(1) remains viable.

Notwithstanding Plaintiff's challenges to the Court's reliance on *Foister* and *Monsanto*, the Court's opinion grants summary judgment to Bil-Jax on another ground, namely, that Plaintiff failed to present evidence of a design defect in the lift. Plaintiff's motion to alter or amend presents no argument as to how

the Court made a clear error of law in granting Bil-Jax's motion for summary judgment on that ground.

### III. Portman's Motion for Summary Judgment

In her motion to alter or amend the Court's grant of summary judgment in favor of Portman, Plaintiff argues that Portman should have recommended a lift wired for the use of power tools to Wells's employer, United Metals Automation and Controls ("UMAC"). According to Plaintiff, Portman's failure to make this specific recommendation to UMAC renders it liable to Plaintiff. With her motion, Plaintiff has simply rehashed an unsupported argument previously raised in response to Portman's summary judgment motion and has offered nothing to persuade the Court to abandon its conclusion that KRS § 411.340 bars Plaintiff's claims against Portman.

### IV. Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Plaintiff's motion to alter or amend [Record No. 80] be, and the same hereby is, **DENIED**; and

(2) That Plaintiff's motion to alter or amend [Record No. 81] be, and the same hereby is, **DENIED**.

This the 7th day of February, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge